WHEN MAILING A COPY OF V-1475  ALWAYS ENCLOSE
COPY OF V-1532

Mary K. Wall

...CE DANIEL
...NEY GENERAL

Merrill Win
part 0-6242

July 11, 1952

Hon. Stewart W. Hellman
Criminal District Attorney
Tarrant County
Fort Worth, Texas.

Opinion No. V-1475

Re:  Constitutionality of
     that portion of Art.
     209, V.P.C., prohibit-
     ing employers from
     deducting from the
     wages of employees for
     the time employees are
     absent for the purpose
     of voting.

Dear Sir:

      You have requested that this office review
the holding in Attorney General's Opinion O-6242 (1944)
in the light of court decisions which have been ren-
dered since the opinion was written. That opinion held
unconstitutional the portion of Article 209, Vernon's
Penal Code, which makes it unlawful for an employer to
subject an employee to a deduction of wages because of
the exercise of the privilege of attending the polls.
The full language of Article 209 is as follows:

> "Whoever refuses to an employee en-
> titled to vote the privilege of attending
> the polls, or subjects such employee to a
> penalty or deduction of wages because of
> the exercise of such privilege, shall be
> fined not to exceed five hundred dollars."

      This statute was originally enacted as a part
of the Terrell Election Law of 1905. During the 47
years since its enactment, the statute has never been
before an appellate court for construction or applica-
tion. Opinion O-6242 held that the portion of the stat-
ute making it an offense for an employer to refuse an
employee the privilege of attending the polls was valid.
Similar provisions in statutes of other states have uni-
formly been upheld against constitutional attacks. See
cases cited infra. In holding invalid that portion of
Article 209 which prohibits an employer from deducting
from an employee's wages for time away from work while
attending the polls, the opinion followed two Illinois

cases which held that a comparable provision in an
Illinois statute was an unreasonable abridgment of the
right to make contracts, in violation of the due proc-
ess  clauses of the federal and state constitutions.
People v. Chicago, M. & St. P. Ry., 306 Ill. 486, 138
N.E. 155, 28 A.L.R. 610 (1923); McAlpine v. Dimick,
326 Ill. 240, 157 N.E. 235 (1927).  In the first case
the Supreme Court of Illinois said that this provision
of the statute did not come within the police power of
the state, since it did not tend to promote the health,
safety, or morals of employees and could not be said
to "secure public comfort, welfare, safety, or public
morals."

In 1944, when Opinion O-6242 was written,
these were the only cases which had ruled on the con-
stitutionality of pay-while-voting provisions in state
statutes.  Since that date, the question has been con-
sidered by the highest state courts of Kentucky and
Missouri and by the Supreme Court of the United States.[1]

In Illinois Cent. Ry. v. Commonwealth, 305
Ky. 632, 204 S.W.2d 973 (1947, cert. den. 334 U.S. 843),
the court held that a Kentucky statute making it a mis-
demeanor for an employer to deduct from the usual wages
of an employee absenting himself from work for the pur-
pose of voting was unconstitutional as arbitrarily tak-
ing property away from one person and giving it to an-
other person without value received or without any
contractual basis, in violation of a provision in the
Kentucky Constitution that "absolute and arbitrary power
over the lives, liberty and property of freemen exists
nowhere in a republic, not even in the largest majority."
The court held, further, that the statute was antago-
nistic to the due process and equal protection clauses
of the 14th Amendment to the United States Constitution.

---

1/  In People v. Ford Motor Co., 63 N.Y.S.2d 697 (App.
Div. 1946), the court upheld a conviction under a New
York statute, holding that the police power afforded suf-
ficient authority for the statute.  Other decisions of
state courts which touch indirectly on the constitution-
ality of pay-while-voting statutes are reviewed in the
majority and dissenting opinions in State v. Day-Brite
Lighting, Inc., 240 S.W.2d 886 (Mo. Sup. 1951).

          In State v. Day-Brite Lighting, Inc., 240 S.W.
2d 886 (Mo. Sup. 1951), the Supreme Court of Missouri
upheld the constitutionality of a Missouri statute mak-
ing it a misdemeanor for any person or corporation to
"cause any employee to suffer any penalty or deduction
of wages" because of the exercise of the privilege of
absenting himself from his employment on election day.
The Missouri statute contained further provisions with
respect to the time during which the voter was entitled
to be absent from work; but so far as the immediate ques-
tion is concerned, we are unable to perceive any ground
of distinction between the Missouri statute and the Texas
statute.  The majority opinion held that political wel-
fare is within the protection of the police power of a
state and that the statute in question did not violate
the due process, equal protection, or impairment of obli-
gation of contract clauses of either the state or federal
constitution.  Upon review of that decision in Day-Brite
Lighting, Inc. v. State, 72 S.Ct. 405 (1952), the Supreme
Court of the United States held that the Missouri statute
did not violate these clauses in the Federal Constitution.
The majority opinion stated that the law, which was "de-
signed to eliminate any penalty for exercising the right
of suffrage and to remove a practical obstacle to getting
out the vote," came within the police power for the pro-
tection of the public welfare, which included the politi-
cal well-being of the community.  In the course of the
opinion the court said:  "Extreme cases are conjured up
where an employer is required to pay wages for a period
that has no relation to the legitimate end.  Those cases
can await decision as and when they arise."

          From this review of decided cases, it is appar-
ent that the complexion of the decisions has changed con-
siderably since Opinion O-6242 was written in 1944. State
courts have since reached conflicting results with re-
spect to the effect of provisions in state constitutions
on statutes of this nature, and the decision in the Day-
Brite case has settled any question of unconstitutionality
of the Texas statute under the Federal Constitution.

          Inhibitions against state legislative action
corresponding to the due process, equal protection, and
impairment of obligation of contracts provisions of the
Federal Constitution are also contained in the Texas Con-
stitution.  Article I, Section 16 of the Texas Constitu-
tion, like Article I, Section 10 of the United States
Constitution, prohibits the passing of any state law im-
pairing the obligation of contracts.  The provision of

Article I, Section 3 of the Texas Constitution, declaring that all free men have equal rights, is comparable to the equal protection clause of the 14th Amendment, and the "due course of law" provision of Section 19 of Article I corresponds to the due process clause of the 14th Amendment.[2] We are not cognizant of any other provision in the Texas Constitution which might be invoked against the validity of the statute.

In undertaking a reconsideration of the holding in Opinion O-6242, we are confronted with the matter of evaluating the persuasiveness of a decision by the United States Supreme Court in regard to a question arising under the Federal Constitution, when a similar question is raised under the corresponding provisions of the Texas Constitution.

Unquestionably it is the right of the state courts to construe the constitutions of their own states, and in the present case we have no doubt that the courts of Texas would not be compelled to place the same construction on the Texas Constitution as the United States Supreme Court has placed on the Federal Constitution. See 21 C.J.S., Courts, § 204; 35 C.J.S., Federal Courts, § 171, and cases there cited. Nevertheless, the persuasiveness of the decisions of other tribunals on questions of first impression in the state court cannot be ignored. The attitude of state courts toward the decisions of federal courts is summarized in the following quotation from 21 C.J.S., Courts, § 205:

> "In cases not arising upon the construction of the constitution and laws of the federal government, but in which the state courts have full jurisdiction and their judgments are final, such courts will adhere to and follow their own decisions and are not bound by those of the federal courts, although

---

2/ The courts of this State in innumerable cases have treated the equal rights and due course of law clauses of the Texas Constitution as being identical in scope with the equal protection and due process clauses of the 14th Amendment. See Mahee v. McDonald, 107 Tex. 139, 175 S.W. 676, 680 (1915); Hurt v. Cooper, 130 Tex. 433, 110 S.W. 2d 896 (1937); Ex parte Sizemore, 110 Tex. Crim. 232, 8 S.W.2d 134 (1928); Rumbo v. Winterrowd, 228 S.W. 258, 265 (Tex. Civ. App. 1921); 16 C.J.S., Constitutional Law, § 502, p. 988; Id., § 568, p. 1148.

such decisions are persuasive; and the
decisions of a state court of last resort
upon a question as to which its judgment
is final will be adhered to and followed
by the lower courts of that state, even
though it is in conflict with a decision
of the supreme court of the United States.
Accordingly the state courts are free to
decide for themselves all questions of
the construction of state constitutions
and statutes. An exception to this rule
has been made, however, where the federal
supreme court has decided that it is neces-
sary to construe a state statute in a cer-
tain way to prevent its being violative of
the federal constitution; and where the
question presented is as to the construc-
tion or violation of a provision of the
state constitution which is similar to a
provision of the federal constitution, and
the same question has been decided by the
federal supreme court with respect to the
federal constitution, the federal decision
is strongly persuasive as authority, and
is generally acquiesced in by the state
courts, although it is not absolutely bind-
ing. . . ."

Under the existing state of authorities, we
feel that it is our duty to overrule our former opinion
and to follow the decision of the United States Supreme
Court in Day-Brite Lighting, Inc. v. State, supra. We
therefore hold that the provision of Article 209, V.P.C.,
prohibiting employers from deducting from the wages of
employees for the time the employees are absent for the
purpose of voting is constitutional. This provision of
the statute should be interpreted in the light of the
holding in Opinion O-6242, which we here reaffirm, that
the employee is entitled to absent himself from his job
for a reasonable time, depending on local conditions.

### SUMMARY

Article 209, V.P.C., making it an of-
fense for an employer to refuse to an employee

the privilege of attending the polls or to
deduct from the employee's wages because
of the exercise of that privilege, is con-
stitutional. Day-Brite Lighting, Inc. v.
State, 72 S. Ct. 405 (U. S. Sup. Ct. 1952).

APPROVED:                          Yours very truly,

                                   PRICE DANIEL
E. Jacobson                        Attorney General
Reviewing Assistant

Charles D. Mathews
First Assistant                    By *Mary K. Wall*
                                        Mary K. Wall
MKW:wb                                    Assistant